**SO ORDERED.**

**SIGNED this 10 day of November, 2011.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

IN RE:

| | |
|---|---|
| COASTAL PLAINS PORK, LLC, | CHAPTER 11 |
| | CASE NUMBER 09-08367-8-RDD |
| **Debtor** | |
| | |
| FIRST NATIONAL BANK OF OMAHA, | ADVERSARY PROCEEDING |
| | NUMBER 09-00214-8-RDD |
| **Plaintiff** | |
| v. | |
| FARMERS COOPERATIVE SOCIETY, SIOUX CENTER IOWA, and COOPERATIVE ELEVATOR ASSOCIATION | |
| **Defendants** | |

### ORDER

Pending before the Court is the Plaintiff's Motion for Certification Pursuant to 28 U.S.C. § 158(d) and Motion for Stay of Proceedings Pending Appeal, filed by First National Bank of Omaha ("FNBO") on October 26, 2011 (the "Motion"), and the Resistance to First National Bank's Motion for Certification and Motion for Stay of Proceedings, filed by Farmers Cooperative Society, Sioux

Center, Iowa ("FCS") and Cooperative Elevator Association ("CEA") (collectively the "Defendants") on November 4, 2011 (the "Response").

This adversary proceeding was commenced by the filing of a complaint on behalf of FNBO on September 30, 2009, seeking a determination of the relative priorities between FNBO's perfected security interests in Coastal Plains Pork, LLC's (the "Debtors") personal property including the Debtor's livestock, and the agricultural supply dealer liens claimed by the Defendants under Iowa Code § 570A. On February 3, 2010, FNBO filed a Motion for Summary Judgment requesting entry of summary judgment establishing its perfected security interest in the Debtor's livestock and its proceeds prior to the agricultural liens asserted by the Defendants. On February 26, 2010, the Defendants filed a Motion for Partial Summary Judgment on the same issue.

On July 23, 2010, this Court entered an order granting FNBO's Motion for Summary Judgment and Denying the Defendants' Motion for Partial Summary Judgment. The Court ruled that FNBO's lien took priority over the agricultural supply dealers' lien of FCS and CEA.

On August 6, 2010, the Defendants appealed this Court's order to the United States District Court for the Eastern District of North Carolina (the "U.S. District Court"). On September 15, 2011, the Honorable Malcolm J. Howard, Senior United States District Judge for the Eastern District of North Carolina, issued an order determining that FCS and CEA are entitled to priority under § 570A.5(3) to the extent of the difference between the acquisition price of the livestock and the fair market value of the livestock at the time they were sold. *Farmers Cooperative Society of Sioux Center, et al v. First National Bank of Omaha*, No. 7:10-CV-202-H (E.D.N.C. Sept. 15, 2011). Therefore, the judgment of the Bankruptcy Court was vacated, and the matter was remanded to the Bankruptcy Court for entry of judgment consistent with the order entered by the U.S. District Court. On September 20,

2011, this Court entered an order granting the Defendants' motion for partial summary judgment and reserving the issue of damages for trial.

FNBO appealed from the U.S. District Court Order to the Fourth Circuit on October 7, 2011. The element of damages remains to be determined by the Bankruptcy Court.

FNBO requests that this Court certify the U.S. District Court Order for immediate appeal to the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. § 158(d)(2)(A)(i)-(iii). Further, FNBO requests that should this Court certify this case for immediate appeal, it also should enter an order staying the case pending final determination of the appeal.

The Court holds that the U.S. District Court, rather than this Bankruptcy Court, is the court with authority to make a certification order pursuant to 28 U.S.C. § 158(d)(2)(A) and Bankruptcy Rule 8001(f)(2). It is also the U.S. District Court that has authority to stay the pending proceedings in the Bankruptcy Court pending the appeal of the U.S. District Court judgment vacating the order and judgment of the Bankruptcy Court to the Fourth Circuit Court of Appeals.

28 U.S.C. § 158(d)(2)(A) provides:

> The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel *involved*, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify . . .

28 U.S.C. § 158(d)(2)(A) (*emphasis added*).

Section 158(d)(2)(A) allows the court *involved* in the decision or ruling to certify the matter for interlocutory appeal to the appropriate circuit court of appeals.

Federal Rule of Bankruptcy Procedure 8001(f) guides the operation of 28 U.S.C. § 158(d)(2). Rule 8001(f) provides:

3

> A certification that a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists shall be filed in the court in which a matter is *pending* for purposes of 28 U.S.C. § 158(d)(2) and this rule. A matter is pending in a bankruptcy court until the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. § 158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. § 158(a)(3). A matter is *pending* in a district court or bankruptcy appellate panel after the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. § 158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. § 158(a)(3).

Fed. R. Bankr. P. 8001(f)(2)(*emphasis added*). Accordingly, a motion for certification "shall be filed in the court in which a matter is *pending*," and a "matter is pending in a district court or bankruptcy appellate panel *after the docketing*." *Id.* (*emphasis added*).

Here, once the order of this Court, dated July 23, 2010, was appealed and docketed with the U.S. District Court, the U.S. District Court became the court that was involved and the court where the matter was pending for purposes of 28 U.S.C. § 158(d)(2) and Bankruptcy Rule 8001(f)(2). Therefore, the Bankruptcy Court lacks authority to certify the U.S. District Court order dated September 15, 2011 for appeal to the Fourth Circuit.

FNBO also requests that this Court stay further proceedings in this case pending appeal of the U.S. District Court's order to the Fourth Circuit. 28 U.S.C. § 158(d)(2)(D) states:

> An appeal under this paragraph does not stay any proceeding of the bankruptcy court, the district court, or the bankruptcy appellate panel *from which the appeal is taken,* unless the respective bankruptcy court, district court, or bankruptcy appellate panel, or the court of appeals in which the appeal is pending, issues a stay of such proceeding pending the appeal.

28 U.S.C. § 158(d)(2)(D) (*emphasis added*).

The only appeal now *taken* is the appeal filed by FNBO in the U.S. District Court on October 7, 2011 to the U.S. Circuit Court of Appeals for the Fourth Circuit of the judgment vacating the

4

decision of the Bankruptcy Court entered by the U. S. District Court on September 15, 2011.   As of the date of this order, no stay has been issued by the U. S. District Court, which is the court from which the appeal was taken on October 7, 2011.  The judgment of the U. S. District Court vacating the judgment of the Bankruptcy Court is interlocutory in nature and requires the Bankruptcy Court to proceed in accordance with the U. S. District Court judgment vacating the judgment of the Bankruptcy Court.  Since the appeal to the Fourth Circuit has been taken from the U. S. District Court, it is the U. S. District Court that must issue a stay. The bankruptcy court is "without authority to extend its stay past the appeal in the district court." *In re Fountain Powerboat Indus., Inc.* No. 09-07132-8-RDD at 14-15 (Bankr. E.D.N.C. July 22, 2011) (quoting *In re Texas Equip. Co. Inc.*, 283 B.R. 222 (Bankr. N.D. Tx. 2002)). The "pending appeal" language in Bankruptcy Rule 8005 includes only the appeal from the bankruptcy court to the district court or bankruptcy appellate panel. *Id.* at 14.  Once an appeal has been filed, the bankruptcy court no longer has jurisdiction to issue a stay. *See In re Adams Apple, Inc.* 829 F.2d 1484, 1489 (9th Cir. 1987).

    Just as the U. S. District Court must issue the certification of the appeal as set forth above, the U.S. District Court is the court which must consider the issue of whether a stay of the proceedings pending in the Bankruptcy Court for the determination of damages consistent with the judgment vacating the judgment of the Bankruptcy Court should be entered.  The Bankruptcy Court will proceed with the trial of the issue of damages until ordered to do otherwise by the U. S. District Court. The Clerk is directed to schedule a preliminary pretrial conference in this adversary proceeding so that a scheduling order can be entered to establish deadlines for completing discovery, filing of motions,

and the scheduling of a date for trial on the element of damages.

**SO ORDERED.**

**END OF DOCUMENT**