IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-MC-74-H

IN RE: COASTAL PLAINS PORK, LLC., )
)
    Debtor. )
)
)
_____ )
)
)
FIRST NATIONAL BANK OF OMAHA, )
)
    Plaintiff, )        **ORDER**
)
    v. )
)
FARMERS CO-OPERATIVE SOCIETY, )
SIOUX CENTER, IOWA, and COOPERATIVE )
ELEVATOR ASSOCIATION, )
)
    Defendants. )

    This matter is before the court on defendants' motion for leave to appeal an order of the United States Bankruptcy Court for the Eastern District of North Carolina in which the bankruptcy court denied defendants' motion for summary judgment and granted in part plaintiff's motion for partial summary judgment. A district court has discretion to grant leave to allow a party to appeal an interlocutory order of the bankruptcy court. See 28 U.S.C. § 158(a). In order to obtain leave to appeal a bankruptcy court's interlocutory order, the party must demonstrate "'that exceptional circumstances justify a departure

from the basic policy of postponing appellate review until after the entry of a final judgment.'" Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (quoting Fisons, Ltd. v. United States, 458 F.2d 1241, 1248 (7th Cir. 1972)). Leave to appeal should be granted only where "the order involves a controlling question of law . . . as to which there is substantial ground for a difference of opinion . . . [and] immediate appeal would materially advance the termination of the litigation." Atlantic Textile Group, Inc. v. Neal, 191 B.R. 652, 653 (E.D. Va. 1996). A controlling question of law is "a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." Fannin v. CSX Transp., Inc., 873 F.2d 1438, 1989 WL 42583, *5 (4th Cir. 1989) (Table). "[P]iecemeal review of decisions that are but steps toward final judgments on the merits are to be avoided, because they can be effectively and more efficiently reviewed together in one appeal from the final judgments." James v. Jacobson 6 F.3d 233, 237 (4th Cir. 1993).

 The bankruptcy court order that defendants seek to appeal does not involve a controlling question of law as to which there is a difference of opinion. Furthermore, resolution of the issues will not terminate the action or materially affect the outcome of the bankruptcy proceeding, but will simply result in

2

piecemeal review of the bankruptcy court's rulings.  Defendants' motion for leave to appeal is, therefore, DENIED.

This 15th day of April 2013.

/s/ Malcolm J. Howard
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31